UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAN JENKINS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-10078-MPK |
| WARDEN SPAULDING, | ) ) ) | |
| Respondent. | ) ) | |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

February 22, 2019

Kelley, U.S.M.J.

    Pro se petitioner Sean Jenkins is in custody at FMC Devens, Massachusetts. He filed this Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 seeking transfer to Puerto Rico. For the reasons set forth below, this Court orders the Clerk's Office to reassign the case to a District Judge and recommends that the District Judge deny the petition and dismiss this action.

I.    BACKGROUND

    On January 10, 2019, petitioner filed this habeas action on a form he filled out, seeking habeas relief pursuant to 28 U.S.C. § 2241. (#1.) This action was assigned to this court, pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

    Petitioner is civilly committed to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4246(d). *See United States v. Jenkins,* No. 5:16-hc-02229-BR (E.D. N.C. Feb. 28, 2017); *see also* #1 ¶ 4. Petitioner alleges that he is "in a hostile, abusive and racist environment" and seeks "return to Puerto Rico." *Id*. ¶¶ 5, 15. On February 20, 2019, he filed a letter concerning the payment of the filing fee. (#4.)

II.     DISCUSSION

Although Jenkins brings this petition under 28 U.S.C. § 2241, the rules governing petitions brought pursuant to 28 U.S.C. § 2254 may be applied.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court is required to examine a petition, and if it "plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."  Thus, the court has a duty to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).   In considering whether Jenkins' petition clears this hurdle, the Court liberally construes his petition because he is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Habeas review under 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws … of the United States." § 2241(c)(3). "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

Jenkins argues that he is in a "hostile, abusive and racist environment." (#1 at 2.) He says that he is being "constantly abused by the staff" and that this constitutes cruel and unusual punishment. *Id.* at 6. His petition contains no other details about his claims.

Jenkins appears to be challenging the conditions of his confinement. This claim should be brought through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ((holding that an individual aggrieved by a federal

official's violation of his constitutional rights can bring an action for monetary relief). *See Kane v. Winn*, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) ("Although a habeas corpus petition is the appropriate means to challenge the fact or duration of incarceration, actions challenging the conditions of confinement reside more in the heartland of civil actions under 42 U.S.C. § 1983 (for state prisoners), *Bivens*, 403 U.S. 388, 91 S. Ct. 1999 (for federal prisoners), or some other non-habeas doctrine or statute.") (internal quotations omitted).[1]  Jenkins presently has an action pending under *Bivens* in this court, *see Jenkins v. Spaulding, et al.,* C.A. No. 18-12359-MPK (filed Nov. 9, 2018), where he appears to complaint that his records have been tampered with, and as a result he has not been able to address issues with his treatment. *Id.*, #1 at 3. Today, February 22, 2019, the court has permitted Jenkins to amend his pleadings to include details about how his constitutional rights have been violated by officials at FMC Devens. *See* C.A. No. 18-12359-MPK, #7. Jenkins can include in that action any complaints regarding the constitutionality of his conditions of confinement.

---

[1] The First Circuit has said that where a prisoner seeks relief from conditions of confinement that would result in a reduction of his sentence, he should bring a habeas claim, and where he seeks relief from conditions of confinement that would not reduce his sentence, he should bring a civil rights claim. *See Gonzalez-Fuentes v. Molina,* 607 F.3d 864, 873-74 (1st Cir. 2010) (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (observing that if an inmate is seeking a "quantum change in the level of custody—[including] outright freedom . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement," and his remedy is under civil rights law); *Wilkinson v. Dotson,* 544 U.S. 74, 85 (2005) (Scalia, J., concurring) (approving of "quantum change" framework)) (other citations omitted); *Brennan v. Cunningham*, 813 F.2d 1, 4-5 (1st Cir. 1987) (holding that habeas claim was proper where a prisoner was challenging his termination from a work release program that was "closely connected to [his] impending release"). For a thorough analysis of case law concerning when conditions of confinement claims are properly brought as habeas corpus versus civil rights claims, *see* 1 Hertz & Liebman, *Federal Habeas Corpus Practice and Procedure* § 9.1 n. 34 (7th ed. 2017). Here, petitioner's complaints about the dangers he is facing do not challenge the length of his confinement.

III        ORDER FOR REASSIGNMENT

For the foregoing reasons, this Court orders the Clerk's Office to reassign this action to a District Judge for further proceedings.

IV.       RECOMMENDATION

For the foregoing reasons, this Court also recommends that the District Judge deny the Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 and dismiss this action.

V.        REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ M. Page Kelley  
M. PAGE KELLEY  
United States Magistrate Judge

February 22, 2019